**Paul J. BUKOVINSKY, Plaintiff,**

v.

**John W. GARDNER, Secretary of Health, Education, and Welfare, Defendant.**

**Civ. A. No. 67-1170.**

United States District Court
W. D. Pennsylvania.

June 26, 1968.

Paul J. Bukovinsky, pro se.

Gustave Diamond, U. S. Atty., by Vincent A. Colianni, Asst. U. S. Atty., Pittsburgh, Pa., for defendant.

## OPINION AND ORDER

MARSH, District Judge.

This is an action brought under § 205(g) of the Social Security Act, 42 U. S.C. § 405(g), to review the decision of the Appeals Council of the Department of Health, Education, and Welfare, Bureau of Hearings and Appeals, denying plaintiff's application for a revision of his earnings record maintained by the Social Security Administration to show total wages of $69.19 and $194.41 paid in 1956 and 1957, respectively, by The Forest City Trucking Company of Cleveland, Ohio, and corresponding credits of Federal Insurance Contributions Act taxes to his account of $1.38 and $4.37, respectively.

The Secretary has moved for summary judgment.[1] Section 205(g) provides in pertinent part that "the findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive * * *." Under § 205(g) and also under the Administrative Procedure Act, 5 U.S.C. § 1009(e), we are limited to "ascertaining whether on the record as a whole there is substantial evidence to support the Secretary's findings of fact." Goldman v. Folsom, 246 F.2d 776, 778 (3d Cir. 1957); Ferenz v. Folsom, 237 F.2d 46 (3d Cir. 1956).

Though we disagree with the Secretary's conclusion that plaintiff is not entitled to seek revision of his Social Security earnings record because of failure to timely request revision, we find substantial evidence to support the Secretary's decision that plaintiff is not entitled to a revision on the merits.

There is no dispute that in 1956 and 1957 and other years not relevant here,

---

1. The Secretary's motion is framed in terms of absence of a genuine issue of material fact and entitlement to judgment as a matter of law, as provided by Rule 56, Fed.R.Civ.P. However, the standard to be applied in this review is that set out in § 205(g) as provided by 205(h).

plaintiff was the owner of a tractor-trailer which he leased to The Kaplan Trucking Company of Cleveland, Ohio, and drove, under terms of the lease agreement, for Kaplan and its sister corporation, Forest City. The record discloses that the firms have the same officers and operate with the same personnel out of the same offices, but that Kaplan operates as an interstate, and Forest City as an intrastate, carrier.[2] The maintenance of their identities as separate corporations, as assumed throughout by the Social Security Administration, is not controverted by the record. Plaintiff's compensation, whether from Kaplan or from Forest City, was received in part as wages for his driving but in greater part as rental for the use of his equipment.

On August 25, 1959, the Employment Tax Branch of the Internal Revenue Service ruled that owner-drivers hauling for Kaplan and Forest City under lease agreements then and theretofore in effect were not considered employees of these companies for purposes of federal employment taxes. The Social Security Administration accepted this ruling and deleted wages previously credited to plaintiff's Social Security account, including the wages in issue paid by Forest City in 1956 and 1957. On or about August 14, 1963, however, after several months of negotiation with the Internal Revenue Service and the Social Security Administration, Kaplan agreed to consider the owner-drivers to be employees and to accept reinstatement of deleted earnings to the credit of the drivers' Social Security accounts for periods prior to 1963. The hearing examiner found that Forest City was neither a party to, nor did it adopt or ratify, that agreement. The record supports this finding. Finally, on August 26, 1963, the Internal Revenue Service, in light of revised lease agreements executed between Kaplan and its owner-drivers in 1963, held

that they were employees under the new form of lease. The Service at the same time reaffirmed its decision of August 25, 1959 that under the conditions of the old lease agreements, owner-drivers were independent contractors.

Plaintiff contends that his application for revision is timely because he was not notified by the Social Security Administration until April 15, 1963, that the Forest City wages here in issue were deleted from his Social Security account. We think this is factually correct. The Secretary, however, contends that an application is not timely unless made within three years, three months and 15 days of the year in which the wages were paid, citing the "time limitation" imposed by § 205(c), 42 U.S.C. § 405(c). The Secretary also relies on the fact that on or about July 31, 1961, the Administration notified plaintiff that earnings from Kaplan, posted to his account for the period January through March, 1957, had been adjusted to delete wages of $679.20 from his records. The notice bearing this date does not mention wages paid by Forest City.

The record discloses that on January 26, 1963, plaintiff wrote the Social Security Administration asking for a year-by-year breakdown of his account. This brought a letter from the Administration, dated April 15, 1963 (the aforementioned notice of that date cited by plaintiff), indicating no wages credited to plaintiff's account from either Kaplan or Forest City for the years 1953 through 1958. Kaplan's agreement of August, 1963, accepting reinstatement of wage credits for all periods prior to 1963 followed.

Finally, by letter dated October 21, 1965, the Department's Bureau of Data Processing and Accounts advised plaintiff that an investigation of his account had been completed and furnished a resume of his yearly earnings, for the period 1951 through March 31, 1965, from

---

2. The record indicates that The Forest City Trucking Company is an Ohio corporation wh'ch has been continuously operating within the State of Ohio since 1937. According to plaintiff, Forest City is permitted "strictly to operate only in Ohio".

Kaplan and from self-employment income. No earnings from Forest City are listed. The letter advises:

> "Since your services for The Forest City Trucking Company were performed pursuant to the terms and conditions of the old form of lease agreement considered in the 1959 ruling by Internal Revenue Service, you performed these services as an independent contractor. Therefore, the pay you received from The Forest City Trucking Company in 1956 and 1957 may not be credited to your account.
> "* * *
> "If you believe that the status of your account is not correct, you may request that your case be re-examined. If you want this reconsideration, you must request it not later than 6 months from the date of this notice. You may make such a request through a social security district office. If you have additional evidence, you should submit it with your request. In writing about your case, please be sure to furnish your account number."

From this reply, it is self-evident that the Administration considered the subject still open to further reconsideration as late as October, 1965.

The plaintiff replied to this notice within the prescribed six months, by letter dated February 19, 1966, which the Administration treated as a request for reconsideration of its letter of October 21, 1965. The Administration issued its determination on August 30, 1966, advising:

> "Accordingly, it is our finding, on reconsideration, that you did not have the status of an employee with respect to services you performed for the Forest City Trucking Company in 1956 and 1957 as an owner-operator of leased equipment. Consequently, the deletion of wages previously reported to your account for 1956 and 1957 by the Forest City Trucking Company was proper."

Plaintiff timely requested a hearing and following the Appeals Council's refusal to review the examiner's decision, timely commenced this action for review.

▮ We find no basis to hold that plaintiff's request for revision was not timely made. The remaining question is whether, on the merits, plaintiff is entitled to have these earnings restored to his Social Security account. In our opinion, he is not.

▮ We believe substantial evidence supports the hearing examiner's finding that plaintiff's relationship with Forest City in 1956 and 1957 was that of independent contractor and not employee, under the criteria set forth in Harrison v. Greyvan Lines, Inc., decided together with United States v. Silk, 331 U.S. 704, 67 S.Ct. 1463, 91 L.Ed. 1757 (1947). Plaintiff worked for Forest City under terms of the lease agreement with Kaplan, receiving a percentage of the gross revenue earned by the leased equipment, part of which was paid to him in the form of a driver's check and the balance for equipment rental. Plaintiff owned his own tractor-trailer and maintained it at his own expense, depreciated his equipment on his income tax return, bought the gas and paid other operating costs except State registration fees and Interstate Commerce Commission permits. If unable to drive himself, plaintiff could engage a substitute driver, but had to secure company approval. Plaintiff was required to follow company rules and regulations and to keep a log showing the time of a pick-up, time of delivery and time off duty. But unlike employee-drivers who drove company trucks and were paid for the hours they put in whether they drove or not, plaintiff did not have to punch in and punch out. Plaintiff reported only when called and if he did not report within two hours of the call, the company could give the work to the next driver. When plaintiff reported to the office, he received a pick-up order which told him where to go, how much weight to pick up, the customer and the destination. Occasionally, a pick-up order might be for a "scheduled load", specifying a time

for pick-up. When Kaplan or Forest City had no work for him for a week or so, he was free to seek other work through his union. Consistent also with the examiner's finding is the fact that plaintiff's gross income from the lease of his equipment was substantially greater than his earnings from driving.

While there is some conflict in the evidence, taken together, the factors present are consistent with a conclusion that plaintiff was an independent contractor. On the pivotal question of the extent to which Forest City reserved the right to control the manner or method of plaintiff's work, plaintiff presented insufficient evidence to warrant reversal of the findings. In our opinion, substantial evidence supports the Secretary's decision and his motion for summary judgment should be granted.

An appropriate order will be entered.